```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at LONDON
```

| | |
|---|---|
| RONALD LEE DICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 6:13-cv-258-JMH |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL ) | **AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is currently before the Court upon the motion of the plaintiff, Ronald Lee Dick, for attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. §2412(d) [DE 15]. Specifically, the plaintiff seeks an attorney's fee award of $2,956.25, representing 23.65 hours of attorney time at $125.00 per hour, to be paid directly to her counsel. While the Commissioner has no objection to an award of attorney's fees under the EAJA in this matter, the Commissioner does object to the plaintiff's request that the award be payable directly to counsel based on *Astrue v. Ratliff*, 560 U.S. 586 (2010).

In *Astrue*, the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney. *Astrue* clearly states that under the plain text of the statute, the EAJA awards "the fees to the litigant, and thus subjects

them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue*, 560 U.S. at 593. This implies that fees under the EAJA should be paid to litigants regardless of whether the Commissioner presently shows that the litigant has a federal debt or not. The Sixth Circuit has adopted this view. *See Bryant v. Commissioner of Social Security*, 578 F.3d 443, 448 (6th Cir. 2009).

Here, the plaintiff has assigned any EAJA fees to her counsel [DE 15-5]. However, this assignment is not effective under the Anti-Assignment Act, 31 U.S.C. § 3727(b). The Anti-Assignment Act imposes stringent requirements on an assignment of a claim against the United States, including a claim for an award of EAJA fees, which must be met in order for the assignment to be enforceable. For example, "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Here, the assignment predates the Court's actual award of fees under the EAJA and is therefore void. *See Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013) (citing *Kalar v. Astrue*, CIV.A. 10-428-JBC, 2012 WL 2873815 (E.D. Ky. July 13, 2012)) ("[D]istrict courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void.").

Therefore, while the Court will award attorney fees and expenses pursuant to the EAJA in the amount of $2,956.25, the fees and expenses are awarded to the plaintiff, not her attorney. In the event the plaintiff owes any pre-existing debt, the Government is entitled to offset the award.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the plaintiff's motion [DE 15] for attorney's fees pursuant to 28 U.S.C. § 2412(d) is **GRANTED**, and the plaintiff is awarded EAJA fees in the amount of $2,381.25. The motion is **DENIED** only to the extent that the fee shall not be made payable to the plaintiff's counsel.

This the 16th day of October, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge